UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAVERN BENTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:  1:19-cv-00500- |
| | ) | |
| MARTEN TRANSPORT | ) | |
| LOGISTICS, LLC, MARTEN | ) | |
| TRANSPORT SERVICES, LTD. and | ) | |
| MARTEN TRANSPORT, LTD. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Mr. Lavern Bentley, hereinafter Mr. Bentley, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendants, Marten Transport Logistics, LLC, Marten Transport Services, Ltd, and Marten Transport, Ltd., hereinafter Defendant, and shows the Court the following:

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101et seq., 42 U.S.C. § 1981, and Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973),

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of

Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Bentley, is a male citizen of the United States, and is a qualified employee with disability and/or was perceived to have a disability as defined in 42 U.S.C. 12102 (ADA).

5. Defendant is a qualified employer as the term is defined in 42 U.S.C. 12102 (ADA).

6. Defendant is a foreign for-profit corporation and a foreign limited liability company registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about September 7, 2018, Mr. Bentley filed charges of Disability Discrimination, under the ADA and provided notice of retaliation claims against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2018-04210.

8. On or about October 31, 2018, Mr. Bentley received a Notice of Right to Sue from the EEOC for Charge Number 470-2018-04210, entitling him to commence action within

ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9.  The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## **FACTS**

10. The Defendant hired Mr. Bentley on or about April 16, 2018.

11. Throughout his employment with Defendant, Mr. Bentley met or exceeded Defendant's legitimate expectations of performance.

12. Mr. Bentley worked as a truck driver for the Defendant.

13. On or about May 3, 2018, Mr. Bentley was involved in an accident due to brake failure.

14. Mr. Bentley was injured in the accident.

15. Mr. Bentley was not given any citations because the accident was caused by brake failure.

16. Mr. Bentley called Mike, who handles worker's compensation for the Defendant, and made a report.

17. Mr. Bentley went back to the office and was asked to meet with human resources to discuss the accident.

18. Mr. Bentley was then informed that he would not be receiving treatment and that he was being terminated.

19. On or about May 4, 2018, Mr. Bentley received a letter from Mr. Marten personally attacking him and accusing him of lying.

20. Mr. Bentley did not respond to Mr. Marten's May 4, 2018, letter.

21. On or about June 7, 2017, Mr. Bentley received another letter from Mr. Marten detailing money that Mr. Marten had to previously pay out in other lawsuits due to claims being brought by workers related to accidents that occurred during their employment.

22. Mr. Marten attempted to intimidate Mr. Bentley from pursuing worker's compensation.

23. Mr. Marten attempted to intimidate Mr. Bentley to keep him from obtaining treatment for his injuries.

24. The Defendant was aware that Mr. Bentley was injured in the accident during his employment.

25. The Defendant knew that Mr. Bentley had asked for treatment.

26. The Defendant immediately terminated Mr. Bentley due to his perceived disability.

27. The Defendant threatened Mr. Bentley in an attempt to intimidate him into not making a worker's compensation claim.

28. The Defendant discriminated against Mr. Bentley due to his perceived disability.

29. The Defendant terminated Mr. Bentley due to his perceived disability.

30. The Defendant terminated Mr. Bentley in retaliation for seeking treatment and benefits under Indiana's worker's compensation statute.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Bentley, for his first claim for relief against Defendant, states as follows:

31. Mr. Bentley hereby incorporates by reference paragraphs 1 through 30 as though previously set out herein.

32. At all times relevant to this action, Mr. Bentley was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

33. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Bentley's disability and/or perceived disability.

34. Mr. Bentley injured his knee during the accident and was having difficulty walking and the Defendant refused to provide him treatment and instead terminated him.

35. The Defendant failed to communicate with Mr. Bentley concerning his disability as required by the ADA.

36. The Defendant intentionally and willfully discriminated against Mr. Bentley because he is disabled and/or because Mr. Bentley has a record of being disabled and/or because the Defendant regarded Mr. Bentley as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

37. Defendant's actions were intentional, willful and in reckless disregard of Mr. Bentley's rights as protected by the ADA.

38. Mr. Bentley has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS

39. Mr. Bentley hereby incorporates by reference paragraphs 1 through 38 as though previously set out herein.

40. Mr. Bentley sustained work related injuries during his employment with Defendant.

41. The conduct as described hereinabove constitutes retaliation on the basis of Mr. Bentley lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

42. Defendant intentionally and willfully refused to accommodate Mr. Bentley's disability caused by his work injury and failed to allow him to return to his employment in retaliation for him seeking his lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

43. Defendant's actions were intentional, willful and in reckless disregard of Mr. Bentley's rights under Indiana Law.

44. Mr. Bentley has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Mr. Bentley, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Bentley his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e.  Pay liquidated damages

f.  Pay for lost future wages

g.  Pay to Mr. Bentley all costs and attorney's fees incurred as a result of bringing this action;

h.  Payment of all pre- and post judgment interest;

i.  Provide to Mr. Bentley all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Mr. Bentley, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:


/s/ Heather R. Falks
Heather R. Falks 29907-41
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff